IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HOSPICE SAVANNAH, INC.,
a Georgia Not for Profit Corporation,

Plaintiff,

v.

SYLVIA MATHEWS BURWELL,
Secretary of the United States Department
of Health and Human Services,

and

ANDREW SLAVITT,
Acting Administrator for the Centers for
Medicare & Medicaid Services,

and

PALMETTO GBA,

Defendants.

Case No. 4:15-cv-00253-JRH-GRS

**TEMPORARY RESTRAINING ORDER**

Upon consideration of the Verified Complaint of Hospice Savannah, Inc. ("Hospice Savannah" or "Plaintiff") as well as Plaintiff's Motion for Temporary Restraining Order, all supporting declarations, and supporting Memorandum of Law, the Court finds that Plaintiff has demonstrated (1) a substantial likelihood of success on the merits; (2) that the moving party will suffer irreparable harm unless the injunction issues; (3) the threatened harm to the movant outweighs the potential damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ." *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

Specifically, Plaintiff has shown that:

Hospice Savannah is a not-for-profit organization providing hospice service to terminally-ill patients and their families throughout Chatham, Bryan, Effingham, Liberty, and Long Counties.

The Centers for Medicare and Medicaid Services ("CMS") through its contractual agent AdvanceMed, is seeking to recoup $8.6 million in alleged overpayments from Hospice Savannah based on (1) review of a sample of 100 claims for 95 beneficiaries for which there is an alleged overpayment of $152,000.00; and (2) a questionable extrapolation across Hospice Savannah's universe of patient claims that Hospice Savannah owes CMS $8.6 million.

Hospice Savannah has appealed AdvanceMed's allegations through two initial levels of administrative review.

The next statutory level of administrative appeal that is available to Hospice Savannah involves an administrative law judge ("ALJ") of the federal Office of Medicare Hearings and Appeals ("OMHA"). By statute, the ALJ hearing is to occur within 90 days, but an administrative backlog at OMHA will likely preclude Hospice Savannah from receiving its hearing before an ALJ for as long as three to five years. Despite this backlog, Defendants intend to invoke self-help to recoup 100% of Hospice Savannah's current and future Medicare payments (approximately 80% of Hospice Savannah's total revenues), even though the services underlying those payments have never been challenged.

Hospice Savannah has shown a likelihood of success on the merits.

If not enjoined, Hospice Savannah will lose 80% of its total revenues and be irreparably harmed by being forced to close and being unable to provide ongoing care to current hospice patients who by definition are terminally ill and disabled.

Moreover, while the risk of not granting immediate injunctive relief to Hospice Savannah and its patients is great, there is little or no corollary risk to Defendants. Defendants do not allege fraud and do not allege any facts to suggest that Hospice Savannah is diverting or secreting assets or will do so while it pursues its administrative appeals. Thus, Defendants, at worst, will only be deferred in their ability to pursue collection efforts against Plaintiff.

Finally, the public has an interest in seeing that terminally-ill patients continue to have access to Hospice Savannah's services.

As required by Fed. R. Civ. P. 65(b)(1)(B), counsel for Plaintiff has certified in writing efforts made to give notice to Defendants, including e-mailing copies of the complaint and notice of intent to seek a restraining order to representatives of CMS, Palmetto GBA, and to the United States Attorney for the Southern District of Georgia.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED**. Defendants Sylvia Mathews Burwell, Secretary of the United States Department of Health and Human Services, and Andrew Slavitt, Acting Administrator for the Centers for Medicare & Medicaid Services, and Palmetto GBA and any persons in active concert or participation with any of them, are ENJOINED from withholding, recouping, offsetting, or otherwise failing to pay Hospice Savannah any current Medicare receivables, including approximately $589,306.04 scheduled for payment on September 22-26, 2015.

Generally, before a court may issue a preliminary injunction, a bond must be posted. *See BellSouth v. MCI Metro Access*, 425 F.3d 964, 971 (11th Cir. 2005). It is well established, however, that "the amount of security required by [Rule 65] is a matter within the discretion of the trial court . . . and the court may elect to require no security at all." *See id.* (citation and

quotation omitted); *see also Baldree v. Cargill, Inc.*, 758 F. Supp. 704 (M.D. Fla. 1990), *aff'd*, 925 F.2d 1474 (11th Cir. 1991) (district court has discretion to waive bond requirement imposed by Rule 65(c)). The Court waives the bond requirement for Hospice Savannah because the Defendants will not suffer any harm in deferring their collection efforts.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect until the earlier of fourteen (14) days from the date of this Order, or until the Court's determination of whether this Temporary Restraining Order should be converted into a preliminary injunction, the hearing for which is scheduled for Wednesday, September 30, 2015, at 10:00 a.m. before The Honorable Brian K. Epps, United States Magistrate Judge in First Floor District Courtroom of the United States District Courthouse located at 125 Bull Street, Savannah, Georgia 31401.

Signed this 21ST day of September, 2015, at 10:55 a.m.

Honorable J. Randal Hall, Judge
United States District Court
Southern District of Georgia